# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE MARY HARPER,

                                                                                  Bankruptcy Case Number
                                                                                   19-81280-CRJ-7

      Debtor,

MARY HARPER,

      Plaintiff,

                                                                                   Adversary Proceeding No.
v.                                                                               21-80011-CRJ

SCOTTSBORO OB-GYN SPECIALISTS, LLC

      Defendant.

## AFFIDAVIT IN SUPPORT OF ACCOUNTING OF ATTORNEY'S FEE

    I, John C. Larsen, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1. The Debtor converted from a Chapter 13 bankruptcy to a Chapter 7 bankruptcy on September 24, 2020. Due to an alleged violation of the Automatic Stay by Scottsboro OB-GYN Specialists, LLC an Adversary Proceeding was filed on behalf of the Debtor on January 29, 2021. The undersigned attorney has performed substantial work including drafting and filing pleadings, telephone conversations with the Debtor, and negotiation with opposing counsel.
2. The accounting of attorney's fee provided in this document is true and correct to the best of my knowledge, information, and belief.
3. Pursuant to §362(k)(1): An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages. See <u>Parker v. Credit Central South, Inc</u>. In Parker, the court found: 1) The plain language of §362(k) provides for a mandatory award for the recovery of attorney's fees for willful violations of the automatic stay without limitation to a return to the status quo; 2) It is well established in reported case law in this District that an award of attorney's fees for violation of the automatic stay include fees necessary to prosecute the adversary proceeding; 3) Nothing in the history of §362 suggests that awards of attorney's fees for a violation of the automatic stay are limited to that which is necessary to reinstate the status quo; 4) The Ninth Circuit's decision in <u>Sternberg v. Johnston</u>, which limits awards of attorney's fees to that which is necessary to terminate the violation but not

prosecute the adversary proceeding to recover damages and attorney's fees, is not persuasive and will not be followed here; and 5) Credit Central misapplies the rule of Sternberg to this case and misstates several reported cases in support of its position. The Court concluded that the Attorney's fees requested were reasonable and in keeping with §362(k). Counsel for the Debtor is hereby requesting compensation in the amount of $5,000.00 and an award for the Debtor for emotional distress damages as the Court deems appropriate.

4. No agreement exists between the Attorney and any other person or entity whatsoever for the sharing of compensation in this case.

/s/ *John C. Larsen*
John C. Larsen
Attorney for the Debtor/Plaintiff
Mary Harper

OF COUNSEL:
LARSEN LAW, P.C.
1733 Winchester Rd.
Huntsville, AL 35811
(256) 859-3008
john@jlarsenlaw.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 5th day of April, 2021.

Gerald R. Paulk
Attorney for Defendant
PAULK LAW FIRM, P.C.
231 S. Market Street
P.O. Box 399
Scottsboro, AL 35768
gpaulk@scottsboro.org


      A copy was served electronically on Tazewell Shepard, Chapter 7 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 5th day of April, 2021.

                                                        /s/ *John C. Larsen*

# Attorney's Fee and Expenses

| Task/Expense | Date | Hours | Rate |
|---|---|---|---|
| Call with Debtor Re: Letter from Defendant and scheduling Time to come into office | 1/29/2021 | 0.50 | $350/Hour |
| Meeting with Debtor to discuss Letter from Defendant and gather evidence of the letter | 1/29/2021 | 0.50 | $350/Hour |
| Investigating notice to the defendant | 1/29/2021 | 0.30 | $350/Hour |
| Drafting and filing of Adversary Proceeding Complaint | 1/29/2021 | 1.20 | $350/Hour |
| Research of service address for Defendant, preparation and filing of Certificate of Service for Summons | 2/3/2021 | 0.50 | $350/Hour |
| Email with opposing counsel Re: Representation and Settlement | 3/1/2021 | 0.20 | $350/Hour |
| Review of Letter from opposing Counsel | 3/1/2021 | 0.50 | $350/Hour |
| Review of Answer filed by Defendant | 3/10/2021 | 1.00 | $350/Hour |
| Review of Order Requiring Briefs And Affidavits | 3/10/2021 | 0.25 | $350/Hour |
| Call with opposing counsel Re: Settlement | 3/5/2021 | 0.50 | $350/Hour |
| Call with Debtor Re: Settlement Demand | 3/5/2021 | 0.50 | $350/Hour |
| Meeting with Debtor to discuss Damages, draft and sign Affidavit | 4/5/2021 | 1.00 | $350/Hour |
| Preparing and Filing of Formal Accounting of Attorney's Fee and Affidavit in Support of Attorney's Fee | 4/5/2021 | 2.00 | $350/Hour |
| Drafting and Filing of Brief in Support | 4/5/2021 | 3.00 | $350/Hour |

| | | | |
|---|---|---|---|
| Of Plaintiff's Allegations | | | |
| Review of Defendant's Brief in Support of Defenses | 4/5/2021 | 1.50 | $350/Hour |
| Review of Defendant CFO's Affidavit | 4/5/2021 | 0.75 | $350/Hour |
| Attendance at Evidentiary Hearing For Default Judgment | TBD | 0.50 | $350/Hour |

**TOTALS**

| | | |
|---|---|---|
| **Attorney Fees** | **14.7 Hrs @ $350/ Hour** | **$5,145.00** |